UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                             :        Chapter 11

BWP GAS, LLC                                          :
                                                                             Bankruptcy No. 05-18754bif
          Debtors                          :

.................................................

ORDER

.................................................

AND NOW, this 13th day of June 2006, GHK Company, LLC ("GHK") has filed a motion for sanctions pursuant to Fed. R. Bankr. P. 7030, for conduct that occurred during a deposition of Mr. Howard M. Appel on February 17, 2006,

And during that deposition, BWP Gas, LLC was represented by attorney Michael V. Blumenthal, Esquire from the law firm of Brown Raysman Millstein Felder & Steiner LLP,

And both BWP and Brown Raysman Millstein Felder & Steiner LLP jointly oppose this sanctions motion,

And this deposition was taken in connection with GHK's request to dismiss this chapter 11 case under 11 U.S.C. § 1112(b). Fed. R. Bankr. P. 1017(f) provides that a dismissal request under section 1112(b) shall be made by motion under Fed. R. Bankr. P. 9014. Rule 9014(c) further incorporates the discovery rules, including Bankruptcy Rule 7030, into contested matters,

And Fed. R. Bankr. P. 7030 incorporates Fed. R. Civ. P. 30. Rule 30(d)(3) states:

> If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

And the Committee Notes (1993) to Rule 30(d)(3) explain its purpose:

> Paragraph (3) authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer prohibited by paragraph (1). In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order.

And the Committee Notes (2000) further explicate this provision:

> Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

And GHK contended, at oral argument, that Mr. Blumenthal and his law firm should be sanctioned for improper and excessive objections, improperly frustrating the deposition of Mr. Appel, and prolonging the deposition. However, GHK conceded that it was ultimately able to obtain necessary information at the deposition and to proceed with the hearing on its motion to dismiss,

And upon review of the transcript of the deposition, it is apparent that Mr. Blumenthal did make excessive and improper objections during the deposition of Mr. Appel.  For example, one of the issues posed by GHK's motion to dismiss this chapter 11 case concerned BWP's expenses, assets, and creditors, as related to its need for and ability to reorganize.  Mr. Blumenthal objected as early as the fourth question posed to the deponent—which question requested the names of other businesses located at the debtor's address—on the basis of relevance.  Not only was the information sought relevant, or could lead to evidence germane to the motion to dismiss, but relevancy is not a valid objection under Rule 30(d)(1).  See, e.g., Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995),

And Mr. Blumenthal raised other improper objections, which served to make the deposition unnecessarily contentious, and which went beyond the scope of appropriate advocacy,[1]

And for such conduct, Mr. Blumenthal is justifiably criticized.  However, beyond such criticism, GHK has not demonstrated injury or damage.  Accordingly, it is hereby ordered that monetary sanctions are denied.

_____
BRUCE FOX
United States Bankruptcy Judge

---

[1] During court hearings, Mr. Blumenthal appeared experienced, professional and prepared.  I trust and hope that his conduct during this deposition was anomalous.

copies to:

Allen B. Dubroff, Esq.
Jaffe, Friedman, Schuman, Nemeroff,
Applebaum & McCaffery, P.C.
7848 Old York Road, Suite 200
Elkins Park, PA 19027

Michael Blumental, Esq.
Brown Raysman Millstein
Felder & Steiner, LLP
900 Third Avenue
New York, NY 10022

Howard Gershman, Esq.
Flamm Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA 19422

Reid E. Robison, Esq.
John D. Stiner, Esq.
McAfee & Taft
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102-7103